UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CYNTHIA J. THOMPSON,

       Plaintiff,                       Case No. 2:08-cv-927
                                          JUDGE GREGORY L. FROST
    v.                                 Magistrate Judge Terence P. Kemp

TRANSAM TRUCKING, INC., et al.,

       Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of the Motion of Plaintiff Cynthia J. Thompson for Partial Dismissal ("Plaintiff's Motion to Dismiss") (Doc. # 38), Defendant Transam Trucking, Inc., the Transam Trucking, Inc. Employee Benefit Plan, and FMH Benefit Services, Inc.'s (together "Health Plan Defendants") Motion for Summary Judgment and for Judgment on the Pleadings ("Health Plan Defendants' Motion") (Doc. # 39), Plaintiff's Memorandum in Opposition to the Health Plan Defendants' Motion (Doc. # 50), the Health Plan Defendants' Reply Memorandum in Further Support of their Motion (Doc. # 53), Plaintiff's Motion for Leave to File Sur-Reply, *Instanter* ("Plaintiff's Motion for Leave to File") (Doc. # 54). For the reasons that follow, the Court **GRANTS** Plaintiff's Motion to Dismiss, **HOLDS IN ABEYANCE** the Health Plan Defendants' Motion, and **HOLDS IN ABEYANCE** Plaintiff's Motion for Leave to File.

### I. Background

Defendant TransAm Trucking, Inc. is the plan sponsor for Defendant TransAM Trucking's Employhee Benefit Plan ("Plan"). The Plan is an employee welfare benefit plan and

is subject to the the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. Defendant FMH Benefit Services, Inc. ("FMH") supervises the claims for the Plan. Plaintiff was a participant in the Plan and was entitled to receive certain health care benefits under it.

On January 17, 2008, Plaintiff sought treatment for her knee from Defendant Robert Steensen, M.D. who practices with Defendant Columbus Orthopaedic (together "Physician Defendants"). During this office visit and prior to rendering any medical care, an employee of Columbus Orthopaedic contacted FMH to obtain a pre-certification authorization code, which was provided by FMH. Plaintiff testified that Dr. Steensen's office represented to her that her medical care would be covered as an "in-network" expense.

On February 8, 2008, Plaintiff was admitted to Mount Carmel Hospital to undergo knee surgery. In connection with the surgery, Plaintiff incurred medical bills totaling approximately $85,000.00 and submitted claims for payment of these bills to FMH. FMH paid 25% of the amount due to Mount Carmel, which is the out-of-network rate and paid 80% of the amount due to Dr. Steensen, which is the in-network rate.

Plaintiff filed this action to recover the medical costs she incurred at Mount Carmel that would have been paid if it had been considered to be an in-network provider or if the services were covered under the Plan's exception allowing in-network payment when the plan participant received in-network care at a non-network provider. In the amended complaint, Plaintiff alleges claims for relief against the Physician Defendants based upon state law, which the Physician Defendants moved to have dismissed. (Doc. # 30.) This Court granted in part and denied in part the Physician Defendants' motion, granting it in regards to Plaintiff's claim for professional

negligence and denying it in regards to Plaintiff's claims for negligent misrepresentation and promissory estoppel. Plaintiff alleges these same state law claims against the Health Plan Defendants and also alleges claims for entitlement to benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B), and for failure to provide notice of entitlement to continuing coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. 1161, *et. seq.*

## II. Analysis

### A. Plaintiff's Motion to Dismiss

In Plaintiff's Motion to Dismiss, Plaintiff asks the Court to dismiss her claims of negligent misrepresentation and professional negligence under Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Doc. # 38.) Defendants did not filed an opposition to that motion. The Court hereby **GRANTS** Plaintiff's Motion to Dismiss and **DISMISSES** without prejudice her claims for negligent misrepresentation and professional negligence.

### B. Plaintiff's Motion to File Sur-Reply and the Health Plan Defendants' Motion

In their motion, the Health Plan Defendants request summary judgment on Plaintiff's ERISA claims for relief and they request judgment on the pleadings on Plaintiff's state law claims for relief. In her memorandum in opposition, Plaintiff argues that summary judgment is an inappropriate standard to evaluate Plaintiff's claims for relief brought under ERISA. This Court agrees.

> As the Sixth Circuit has explained:
>
> Traditional summary judgment concepts are inapposite to the adjudication of an ERISA action for benefits, brought under 29 U.S.C. § 1132(a)(1)(B), because the district court is limited to the evidence before the plan administrator at the time of its decision, and therefore, the court does not adjudicate an ERISA action as it would other federal civil litigation. *See Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 617-19 (6th Cir. 1998).

*Buchanan v. Aetna Life Ins. Co.*, 179 F. App'x. 304, (6th Cir. 2006). *See also University Hosp. v. Emerson Elec. Co.*, 202 F.3d 839, 845 n.2 (6th Cir. 2000) (the court can consider "only the materials available to the [administrative decision maker] and not any depositions, affidavits, or similar litigation-related materials that the parties submitted to the District Court") (citing *Wilkins*, 150 F.3d at 617-19). "The only exception to the above principle of not receiving new evidence at the district court level arises when consideration of that evidence is necessary to resolve an ERISA claimant's procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Wilkins*, 150 F.3d at 618. That exception is not pertinent to the instant action.

Consequently, this Court is limited to the evidence that was before the administrative decision maker when he or she determined that the benefits to be paid to Mount Carmel were to be paid at an out-of-network rate. With regard to this Court's review of that decision, the applicable standard of review is well settled and requires "[a] district court [to apply] the 'arbitrary and capricious' standard of review to an ERISA plan administrator's decision regarding benefits where, as here, 'the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.' " *Whitaker v. Hartford Life & Acc. Ins. Co.*, 404 F.3d 947, 949 (6th Cir. 2005) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). However, the parties here have failed to file an administrative record.

Accordingly, the Court **ORDERS** the parties to file the administrative record with this Court or to file notice that the administrative record is already before the Court, consisting only of the Plan documents filed with the amended complaint and the two letters denying Plaintiff's

4

appeal referred to in the amended complaint. *See Syska v. NCR Corp.*, Case No. C-3-97-447, 1999 U.S. Dist. LEXIS 21693, *9-14, 17 (S.D. Ohio July 7, 1999) (in ERISA entitlement to benefits claim, declining to rule on motion for summary judgment and, instead, ordering parties to file administrative record).

## IV.  Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Dismiss (Doc. # 38), **HOLDS IN ABEYANCE** the Health Plan Defendants' Motion (Doc. # 39), and **HOLDS IN ABEYANCE** Plaintiff's Motion for Leave to File (Doc. # 54).  The parties are **ORDERED** to file within fourteen (14) days of the date of this Opinion and Order the administrative record or to file notice that the administrative record consists only of the Plan documents filed with the amended complaint and the Plan's two appeal denial letters.

The non-oral hearing on the Health Plan Defendants' Motion (Doc. # 39) and Plaintiff's Motion for Leave to File (Doc. # 54) is set for November 18, 2009.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE