UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CYNTHIA J. THOMPSON,

      Plaintiff,                          Case No. 2:08-cv-927
                                              JUDGE GREGORY L. FROST
      v.                                     Magistrate Judge Terence P. Kemp

TRANSAM TRUCKING, INC., et al.,

      Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Transam Trucking, Inc., the Transam Trucking, Inc. Employee Benefit Plan, and FMH Benefit Services, Inc.'s (together "Health Plan Defendants") Motion for Summary Judgment and for Judgment on the Pleadings ("Health Plan Defendants' Motion") (Doc. # 39), Plaintiff's Memorandum in Opposition to the Health Plan Defendants' Motion (Doc. # 50), the Health Plan Defendants' Reply Memorandum in Further Support of their Motion (Doc. # 53), Plaintiff's Motion for Leave to File Sur-Reply, *Instanter* ("Plaintiff's Motion for Leave to File") (Doc. # 54). For the reasons that follow, the Court **DENIES** the Health Plan Defendants' Motion, and **DENIES as MOOT** Plaintiff's Motion for Leave to File.

## I. Background

Defendant TransAm Trucking, Inc. is the plan sponsor for Defendant TransAM Trucking's Employee Benefit Plan ("Plan"). The Plan is an employee welfare benefit plan and is subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq*. Defendant FMH Benefit Services, Inc. ("FMH") supervises the claims for the Plan.

1

Plaintiff was a participant in the Plan and was entitled to receive certain health care benefits under it.

On January 17, 2008, Plaintiff sought treatment for her knee from Defendant Robert Steensen, M.D. who practices with Defendant Columbus Orthopaedic (together "Physician Defendants").  During this office visit and prior to rendering any medical care, an employee of Columbus Orthopaedic contacted FMH to obtain a pre-certification authorization code, which was provided by FMH.  Plaintiff testified that Dr. Steensen's office represented to her that her medical care would be covered as an "in-network" expense.

On February 8, 2008, Plaintiff was admitted to Mount Carmel Hospital to undergo knee surgery.  In connection with the surgery, Plaintiff incurred medical bills totaling approximately $85,000.00 and submitted claims for payment of these bills to FMH.  FMH paid 25% of the amount due to Mount Carmel, which is the out-of-network rate and paid 80% of the amount due to Dr. Steensen, which is the in-network rate.

Plaintiff filed this action to recover the medical costs she incurred at Mount Carmel that would have been paid if it had been considered to be an in-network provider or if the services were covered under the Plan's exception allowing in-network payment when the plan participant received in-network care at a non-network provider.  In the amended complaint, Plaintiff alleges claims for relief against the Physician Defendants based upon state law, which the Physician Defendants moved to have dismissed.  (Doc. # 30.)  This Court granted in part and denied in part the Physician Defendants' motion, granting it in regards to Plaintiff's claim for professional negligence and denying it in regards to Plaintiff's claims for negligent misrepresentation and promissory estoppel.

Plaintiff alleges these same state law claims against the Health Plan Defendants. Plaintiff, however, moved to dismiss her claims of negligent misrepresentation and professional negligence, which this Court granted. (Doc. # 59.) Plaintiff also alleges claims against the Health Plan Defendants for entitlement to benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B), and for failure to provide notice of entitlement to continuing coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. 1161, *et. seq*.

On May 8, 2009, the Health Plan Defendants filed the Health Plan Defendants' Motion and on July 31, 2009, Plaintiff filed Plaintiff's Motion for Leave to File. After consideration of both of those motions, this Court issued an Opinion and Order in which it indicated that it could not appropriately decide the motions because the parties had failed to file the administrative record. (Doc. # 59.) In the Opinion and Order, the Court held in abeyance the Health Plan Defendants' Motion and Plaintiff's Motion for Leave to File and directed the parties to file the administrative record. The parties timely complied with the Court's order, jointly filing the administrative record. (Doc. # 60.)

## II. Analysis

### A. Standard

"A district court applies the 'arbitrary and capricious' standard of review to an ERISA plan administrator's decision regarding benefits where, as here, 'the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.' " *Whitaker v. Hartford Life & Acc. Ins. Co.*, 404 F.3d 947, 949 (6th Cir. 2005) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). "The administrator's decision must be upheld if 'it is the result of a deliberate, principled reasoning

3

process and if it is supported by substantial evidence.' " *Id.* (citing *Baker v. United Mine Workers of Am. Health and Retirement Funds*, 929 F.2d 1140, 1144 (6th Cir. 1991)).

**B. Benefits Determination**

As this Court explained in detail in its previous Opinion and Order, it is bound by the administrative record. As a result of that decision, the parties filed what they refer to as the administrative record, which consists of the Plan documents and several letters from Plaintiff in which she asks for a review of the Health Plan Defendants' denial of her claim and several responses to Plaintiff from the Health Plan Defendants. In these defendants' letters, and in their briefing before this Court, the Health Plan Defendants unequivocally state that there was no administrative review of Plaintiff's appeal to them because there was no denial of Plaintiff's claim. (Doc. # 60-2 at 33 of 45: "In closing it is important to understand that these claims were not denied by the Plan. On the contrary, the charges were covered. Unfortunately, by choosing non-network providers Ms. Thompson limited her benefits."). The Health Plan Defendants contend that their payment to Mount Carmel Hospital at the out-of-network rate was a payment of the claim, not a denial, and therefore Plaintiff was not entitled to an administrative review of the denial. This Court disagrees for several reasons.

First, courts regularly acknowledge that "[d]ecisions of whether certain facilities are in-network or out-of-network involve the administration of benefits or eligibility decisions," and therefore denials of in-network payments are entitled to appeals processes. *Waldschmidt v. Aetna United States Healthcare*, 225 F. Supp.2d 560, 565 (W.D. Pa 2002). *See also Klassy v Physicians Plus Ins. Co.*, 276 F Supp.2d 952 (W.D. Wis. 2003) *aff'd* 371 F.3d 952 (7th Cir. 2004) (citing 29 USCS § 1132(a)).

4

Second, ERISA requires "every employee benefit plan" to "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2).

Third, according to the plain language of the Plan: "If your claim for a welfare benefit is denied, in whole or in part, your have a right to know why this was done, to obtain copies of documents relating to the decision without charge, and to appeal any denial within certain time schedules." (Doc. # 60-1 at 42 of 57.) Here, Plaintiff was denied a welfare benefit, *i.e.*, in-network payment to the hospital where her knee surgery took place.

Fourth, the parties argue before this Court as to the applicability of a Plan provision that supplies an exception to payment of an out-of-network provider at the out-of-network rate. Specifically, the Plan provides for payment at the in-network rate of claims for "in-network care by a non-network provider." (Doc. # 60-1 at 55 of 57.) The Health Plan Defendants' do not dispute that they never considered whether this exception applied to Plaintiff's claims. Instead, these defendants assert:

> Even if Plaintiff is able to demonstrate an additional entitlement to benefits [under the "in-network care by a non-network provider" provision], it does not follow that the TransAm Defendants acted arbitrarily and capriciously. In a case nearly identical to this case, the Southern District of Ohio stated that an administrator's decision would be affirmed even if the plaintiff was able to demonstrate an additional entitlement to benefits as long as the administrator offered a reasoned explanation for its decisions. *Meacham v. United Healthcare Ins. Co.*, [No. 3:06-cv-089,] 2007 WL 2838617 at *3 (S.D. Ohio Sept. 26, 2007)..

(Doc. # 53 at 11.)

*Meacham*, however, is inapposite. In *Meacham*, like here, the health plan defendant denied payment of a claim at the in-network rate and instead paid the claim at the out-of-network rate. Unlike this action, however, the *Meacham* plaintiff's appeal of that decision proceeded

5

through the appeal process and the defendant upheld its decision through the first and second level administrative appeals. The court specifically found that the health plan defendant's decision was the result of a deliberative, principled reasoning process. Under those circumstances, the *Meacham* court explained that it would affirm the denial of benefits even if the plaintiff was able to demonstrate an additional entitlement to benefits to the trial court. Contrarily, in the instant action, the Health Plan Defendants never engaged in a deliberate, principled reasoning process with regard to whether Plaintiff's claim for benefits was covered under the "in-network care by a non-network provider" provision, or any other. Indeed, the Health Plan Defendants failed to provide any level of appeal for the denial. Thus, *Meacham* offers no support for the Health Plan Defendants' position.

Last, the Court notes that the Health Plan Defendants may have been operating under a conflict of interest in this matter. "The Supreme Court has recognized that an apparent conflict of interest exists when an ERISA plan both decides eligibility for benefits and pays those benefits." *Elliott v. Metro. Life Ins. Co.*, 473 F.3d 613, 621 (6th Cir. 2006) (citing *Bruch*, 489 U.S. at 115). In *Glenn v. Metro. Life Ins. Co.*, the Sixth Circuit "observed that 'MetLife is authorized both to decide whether an employee is eligible for benefits and to pay those benefits. This dual function creates an apparent conflict of interest.' " *Id.* (citing *Glenn v. Metro. Life Ins. Co.*, 461 F.3d 660, 666 (6th Cir. 2006). The Health Plan Defendants here are under the same apparent conflict of interest as was the defendant in *Glenn*. Such a conflict, if shown to have impacted the Health Plan Defendants' determination, would lend greater weight to the conclusion that these defendants' determination was arbitrary and capricious. Nevertheless, the Court here need not determine whether the Health Plan Defendants' self-interest played a role in

its denial of Plaintiff's claims. Regardless of the presence or absence of a conflict, the Health Plan Defendants' decision cannot withstand scrutiny. This Court "cannot uphold an ERISA plan administrator's determination if it is not the product of 'a deliberate, principled reasoning process.'" *Id.* (citing *Glenn*, 461 F.3d at 666). Based upon all of the reasons set forth above, the Court easily concludes that the Health Plan Defendants' benefits decision was arbitrary and capricious. The record unequivocally indicates that the Health Plan Defendants' decision was not the result of a deliberative, principled reasoning process.

The Court must now determine the appropriate remedy. The Sixth Circuit directs that "[i]n cases such as these, courts may either award benefits to the claimant or remand to the plan administrator." *Id.* (citing *Smith v. Cont'l Cas. Co.*, 450 F.3d 253, 265 (6th Cir. 2006) ("[W]e vacate the judgment of the district court and remand this case for entry of an order requiring CCC to conduct a full and fair review of Smith's disability claim."), *Glenn*, 461 F.3d at 675, and *Buffonge v. Prudential Ins. Co. of Am.*, 426 F.3d 20, 31 (1st Cir. 2005) ("There is no question that this court has the power to remand to the claims administrator; it also has the power, in appropriate cases, to award benefits to the disability claimant.")). In this action, because there was no appeal review process followed at all, the Court concludes that remand for a timely full and fair review is the appropriate remedy.

The Court now must determine the appropriate posture in which to leave this action because there are defendants other than the Health Plan Defendants before this Court and also a remaining state law claim against the Health Plan Defendants. Plaintiff's pending claims against the Physician Defendants generally allege that these defendants informed her that the entire cost of her knee surgery was covered at the in-network rate. Plaintiff's pending promissory estoppel

7

claim against the Health Plan Defendants generally alleges that these defendants should be estopped from denying payment of her claims at the in-network rate. All of these claims, and the need to determine whether they are successful, are contingent upon the outcome of the administrative appeal process.

That is, if the Health Plan Defendants determine that Plaintiff's knee surgery is entirely covered at the in-network rate, it appears that Plaintiff's claims against the Physician Defendants and her remaining claim against the Health Plan Defendants are resolved. However, if the Health Plan Defendants determine that the hospital costs incurred as a result of Plaintiff's knee surgery are not covered at the in-network rate, then Plaintiff's claims against the Physician Defendants will remain viable. At that time, the Court will also determine whether Plaintiff's promissory estoppel claim is preempted by ERISA.

Accordingly, the Court determines that the most efficient and fair result is to administratively close this action until the administrative appeal process is complete.

### III. Conclusion

Based on the foregoing, the Court **DENIES** the Health Plan Defendants' Motion (Doc. # 39) and **DENIES AS MOOT** Plaintiff's Motion for Leave to File (Doc. # 54). The Court **REMANDS** this action to the Health Plan Defendants to conduct a timely, full and fair review of Plaintiff's benefits claim. The Court **ADMINISTRATIVELY CLOSES** this action until the administrative appeal process is complete. The parties are **ORDERED** to contact this Court within one week of the final administrative decision at which time the Court will restore the case to the active docket and schedule a status conference.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE